**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TONEY CURTIS, SR.** | § | |
| | § | |
| **V.** | § | **A-15-CA-736-LY** |
| | § | |
| **WASHINGTON COUNTY JAIL** | § | |
| **and DR. YOFFE** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Plaintiff Toney Curtis's complaint brought pursuant to 42 U.S.C. § 1983 (Dkt. No. 1); Plaintiff's more definite statement (Dkt. #8); Plaintiff's supplement to his complaint (Dkt. #9); Plaintiff's second supplement to his complaint (Dkt. #10); Plaintiff's third supplement to his complaint (Dkt. #21); Defendant Yoffe's Motion for Summary Judgment (Dkt. No. 28); and Plaintiff's response thereto (Dkt. #30).   Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was an inmate incarcerated in the Washington County Jail. He names as defendants the Washington County Jail and Dr. Yoffe.

According to Plaintiff, he arrived at the Washington County Jail with existing stitches in his stomach.  Plaintiff states they were poking out and causing pain.  He allegedly asked Dr. Yoffe, the

jail's doctor, if the doctor could arrange to have the stitches taken out if Plaintiff were to "sit" in the Washington County Jail for another nine months.  Dr. Yoffe allegedly replied, "get done here with your case here [sic] then get them taken out where ever [sic] you go from here."  Despite the denial by Dr. Yoffe, Plaintiff indicates he was taken to the Brenham clinic on July 20, 2015 or July 21, 2015, and had his stitches removed.  Plaintiff sues the Washington County Jail and Dr. Yoffe.  He requests "the care an[d] treatment that [he is] needing, while [he is] in the care of Washington County Jail."

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.  When asked what further care Plaintiff needed, Plaintiff responded he needed pain medication for the pain he has as a result of a bullet that is lodged near his spine. He further asks to not be harassed for filing his complaint, compensation for the neglect and denial of medical assistance, and compensation for pain and suffering because of the stitches and exposure to "any kind of infection from neglect."  Plaintiff admits he had no appointment scheduled to remove his stitches prior to his arrest.   In a supplement filed on December 30, 2015, Plaintiff amended his request for relief to include a request for $30,000.00.

The Court ordered service upon Dr. Yoffe but did not order service on the Washington County Jail.  The Court explained in the service order that the Washington County Jail is not a legal entity capable of being sued.

Dr. Yoffe moves for summary judgment.  He asserts his entitlement to qualified immunity. Specifically, Dr. Yoffe points out Plaintiff has not produced any evidence that Dr. Yoffe acted with deliberate indifference to Plaintiff's medical needs.  According to Dr. Yoffe, Plaintiff's "stitches had been in place for approximately two years before this situation, and the patient had not sought

medical care to have them removed.  Furthermore, the stitches never showed any signs of infection, including redness, swelling, discharge and the patient never demonstrated any general symptoms of distress such as fever, toxicity, or vomiting."  Dr. Yoffe asserts Plaintiff cannot show he refused to treat Plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in conduct that clearly indicates a wanton disregard for Plaintiff's health and safety.  Dr. Yoffe maintains Plaintiff was monitored for increased temperature and seen several times to address his complaints.  Dr. Yoffe insists all of Plaintiff's complaints regarding his medical treatment were promptly addressed and detailed records concerning Plaintiff's medical treatment were kept.

Dr. Yoffe fails to address Plaintiff's federal claims made against him in his official capacity.  Although Dr. Yoffe recognizes Plaintiff's claims brought against him in his official capacity are the same as if Plaintiff asserted the claims against Washington County, he simply states those claims should be dismissed.

## II. ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

Service was not ordered upon the Washington County Jail, because it is not an entity capable of being sued.  Accordingly, the Court will analyze Plaintiff's claims against the Washington County Jail under 28 U.S.C. § 1915(e).  The Court will also analyze Plaintiff's federal claims against Defendant Yoffe in his official capacity pursuant to 28 U.S.C. § 1915(e), because Dr. Yoffe failed to address those claims in his Motion for Summary Judgment.

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

1.    *Washington County Jail*

The Washington County Jail is not a legal entity capable of being sued.  See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Therefore, Plaintiff's claims against the jail should be dismissed for failure to state a claim upon which relief can be granted.

2.    *Washington County Liability*

Plaintiff's claims brought against the defendant in his official capacity is the same as if Plaintiff brought his claims against Washington County.  A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior.  Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id.  Collins v.

4

City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992). Thus, Washington County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986).

Plaintiff fails to identify a policy, practice or custom of Washington County that caused any alleged deprivation of his constitutional rights. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Dr. Yoffe in his official capacity.

B.    Summary Judgment Standard

Defendant Yoffe moves for summary judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the

moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id. at 323-24.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial."  Id. at 324.  The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court."  James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)).  To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

### 1.  *Qualified Immunity*

Defendant Yoffe asserts he is entitled to qualified immunity.  A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity.  See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).  That is, the plaintiff must present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's

conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right.  See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

Because Plaintiff was a pretrial detainee at the time in question, his rights derive from the Fourteenth Amendment, not the Eighth Amendment.  See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment").  Having said this, because the standard is essentially the same for both pretrial detainees and post-conviction prisoners, cases applying the Eighth Amendment are still relevant to the Court's analysis.  Thus, to succeed in this § 1983 action, Plaintiff must establish the defendant was deliberately indifferent to his serious medical condition, "an extremely high standard to meet."  Domino v. Tex. Dept of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety").  An incorrect medical diagnosis is not sufficient to establish a claim.  Id. at 756. Also, disagreement with a course of medical treatment will not suffice. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations at most amount to a disagreement with a course of medical treatment. Plaintiff has failed to provide the Court with admissible summary judgment evidence showing jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  Instead, the undisputed evidence

demonstrates that the defendant responded to the medical needs of the Plaintiff, albeit in a different manner than the plaintiff desired. The undisputed evidence is insufficient to support a claim of deliberate indifference to Plaintiff's medical needs. Accordingly, summary judgment is proper.

      C.    <u>State Law Claims</u>

Construing Plaintiff's complaint liberally, as it must, the Court is of the opinion Plaintiff did not raise any state law claims in his complaint. Had Plaintiff raised state law claims, the Court would have recommended to the District Court to decline to exercise supplemental jurisdiction over such claims. Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.

## III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITH PREJUDICE** Plaintiff's claims brought against the Washington County Jail and Defendant Yoffe in his official capacity for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and **GRANT** the Motion for Summary Judgment [#28] filed by Defendant Yoffe with respect to Plaintiff's claims brought against him in his individual capacity.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of March, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE